JOHNSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-301-CR

RODERICK SHERROD JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Roderick Sherrod Johnson appeals from his conviction for aggravated robbery with a deadly weapon.  
Appellant pled not guilty.  The jury found him guilty, and the trial court sentenced him to life imprisonment.  Appellant’s sole point on appeal is that the evidence was factually insufficient to support his conviction.

On April 28, 2000, Muhammad Moosa was working at a convenience store in Arlington.  Approximately fifteen minutes before the 10:00 p.m. closing time, a person entered the store, grabbed him, and put a knife to his neck.  No other customers were in the store at that time.  After forcing Moosa to open the cash register, the assailant took the money out of it, stabbed Moosa, cutting his throat, head, and stomach, and left the store.  When police arrived, Moosa was covered in blood and was in shock, but he was still alive.

After a detective found Appellant’s fingerprints on the counter, he created a photographic lineup that included Appellant’s photo.  On May 1, 2000, Moosa identified Appellant from the lineup in a solid, certain manner.  Moosa also identified Appellant at trial as the assailant.

Other evidence was presented at trial.  Moosa testified that Appellant had been in the store on other occasions, and he recognized Appellant as a past customer.  Crime scene technicians determined that the location and position of Appellant’s fingerprints indicated that he had most likely made the prints while standing behind the counter in the clerk’s area.  Moosa testified that, except for during the robbery, he had never allowed Appellant behind the counter in the clerk’s area.

Appellant lived almost directly behind the store.  Appellant’s aunt, Audrey Malone, testified that he had been wearing two plain, white t-shirts that night when she sent him to the store just before 10:00 p.m. to get change for a twenty-dollar bill.  Malone said that when Appellant returned six or seven minutes later, he said the store was already closed, he was still wearing the t-shirts, and he did not appear to have been involved in any type of struggle.

Several days after the incident, one of Appellant’s neighbors discovered a broken knife and a bloody, plain white t-shirt in a dumpster located a short distance from the store.  Police determined that the blood on the knife and t-shirt was Moosa’s.  Although recovering DNA from sweat or skin cells inside the shirt is a possible method for determining  who had worn the shirt, no other DNA was found on it.  The record does not reflect if any DNA besides Moosa’s was found on the knife.  A fence was located near the dumpster, and the fence had a hole in it that ran between Appellant’s home and the store.  Residents of the neighborhood used the hole as a shortcut to the store.

Several defense witnesses testified that Appellant traveled to Mississippi on April 29, 2000 to attend his grandmother’s funeral.  Appellant returned on May 2, 2000.  Appellant’s girlfriend, who was with him when he was arrested on May 2, testified that he was shocked at being arrested.

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  In our review, we consider the most important evidence that the appellant claims undermines the jury’s verdict.  
Sims v. State,
 No. 1328-1, slip op. at 1-2, 2003 WL 1060179, at *1 (Tex. Crim. App. Mar. 12, 2003).  Here, Appellant indicates that the most important evidence as to factual insufficiency includes witnesses’ testimony that he went out of town to a funeral the day after the attack and returned shortly thereafter, arguing that “[a] person guilty of the offenses charged in this case would not have returned so soon to the scene of the crime”; Malone’s testimony regarding his apparel and physical appearance; the poor physical and cognitive state Moosa was in when police arrived; the fact that many fingerprints were found, and only one set was Appellant’s, coupled with the fact that he was a regular customer in the store; and Appellant’s shock at being arrested.   
Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict 
or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis,
 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

In the case before us, we have made a complete and detailed examination of all the relevant evidence and have determined the evidence is sufficient and that manifest injustice has not occurred.  We therefore defer to the fact finder’s decision.  
See Johnson,
 23 S.W.3d at 9, 12.

We overrule Appellant’s point and affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  April 3, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.